UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HEMP INDUSTRIES ASSOCIATION,** *et al.*,<br><br>            **Plaintiffs,**<br><br>                    v.<br><br>**UNITED STATES DRUG ENFORCEMENT ADMINISTRATION,** *et al.*,<br><br>            **Defendants.** | Civil Action No. 20-2921 (JEB) |

## MEMORANDUM OPINION AND ORDER

Businesses involved in the production and sale of hemp or hemp derivatives have sued the Government here in the hopes of getting a clear answer as to whether their manufacturing activities violate the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. Specifically, they seek a declaration that two necessary byproducts of hemp production — known as intermediate hemp material (IHM) and waste hemp material (WHM) — are not controlled substances, as well as an injunction barring the Drug Enforcement Administration from enforcing the CSA as to IHM and WHM and from regulating those substances. See ECF No. 1 (Complaint), ¶¶ 85–110, 112–14.

Aiming to ascertain the Government's position as to whether IHM and WHM fall within the CSA, which they assert is not clear, Plaintiffs have moved for pre-Answer expedited discovery limited to having DEA respond to the following two interrogatories:

- Is any Product derived from Hemp controlled by the CSA, assuming the delta-9 THC concentration of said Hemp does not exceed 0.3% on a dry weight basis at the time it is harvested? If so, explain the basis for your contention.

- During the Hemp production process, are in-process materials that exceed a delta-9 THC concentration of 0.3% on a dry weight basis

>   (such as IHM) controlled substances under the CSA? If so, explain the basis for your contention. This interrogatory assumes that the Hemp processor does not hold any registration issued by DEA.

ECF No. 21 (Mot.) at Exh. A. Plaintiffs cite no authority for their ability to propound this unusual request, and, as best the Court can tell, no court has ever ordered this kind of pre-Answer discovery against a federal agency. The Court will not break with this practice for several reasons.

First, although "contention interrogatories" such as Plaintiffs' are generally permissible under Federal Rule of Civil Procedure 33(a)(2), see Barnes v. District of Columbia, 270 F.R.D. 21, 24 (D.D.C. 2010), the Rule "does not authorize interrogatories calling for legal conclusions as such." 8B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2167 (3d ed. 2020). Plaintiffs' interrogatories, which ask what DEA "contend[s] [a federal statute] means generally and as applied to IHM and WHM specifically," Mot. at 9, seek "pure legal conclusions" and are therefore impermissible. See O'Brien v. Int'l Bhd. of Elec. Workers, 443 F. Supp. 1182, 1187 (N.D. Ga. 1977) (holding impermissible an interrogatory asking union to "state and explain the reasons why [certain provisions of the union's constitution] [were] not deprived of force and effect by [a statute]"); Kendrick v. Sullivan, 125 F.R.D. 1, 3–4 (D.D.C. 1989) (same for interrogatories asking "general questions . . . as to the legality of [a federal grant] program" the answers to which would have been "free-form legal essays on the Establishment Clause"); Mobil Oil Co. v. Dep't of Energy, No. 81-340, 1982 WL 1135, at *1–2 (N.D.N.Y. Mar. 8, 1982) (same for interrogatory asking whether agency "still believes it has statutory authority to act").

Second, even assuming Plaintiffs' contention interrogatories were permissible under Rule 33, the Court still would not order DEA to respond to them now, before the agency's deadline to respond to the Complaint. "[E]xpedited discovery is not the norm," and the Federal Rules

prohibit a party from seeking discovery without leave of court prior to the Rule 26(f) conference, Guttenberg v. Emery, 26 F. Supp. 3d 88, 97 (D.D.C. 2014) (citing Fed. R. Civ. P. 26(d)(1)), which typically does not occur until after the defendant has answered.  Even after a case is in discovery, moreover, "the obligation to respond [to contention interrogatories] is often deferred 'until near the end of the discovery period unless the proponent carries its burden of demonstrating why they are necessary earlier on.'"  English v. Washington Metro. Area Transit Auth., 323 F.R.D. 1, 19 (D.D.C. 2017) (quoting Everett v. USAir Grp., Inc., 165 F.R.D. 1, 3 (D.D.C. 1995)); see In re Convergent Techs. Sec. Litig., 108 F.R.D. 328, 337 (N.D. Cal. 1985) ("[E]arly discovery should focus on generating real world data and not on examining the parties' contentions about the legal implications of that data.").  Plaintiffs' request to have their interrogatories answered now, then, is essentially a request for double expedition.  They insist that such extraordinary dispatch is necessary to help them determine "whether there is a case or controversy" here because if the DEA does not view IHM and WHM as controlled substances, then there is no dispute.  See Mot. at 8.  But Plaintiffs cite no authority for that unusual manner of proceeding, and it would be odd to allow a party to file a lawsuit and then immediately serve interrogatories merely to determine whether the lawsuit was needed in the first place.

       That is especially so where, as here, the defendant is a federal agency and the central question in the case concerns agency policy and its underlying statutory authority.  Under the Administrative Procedure Act, agencies make policy and explain the legal basis for such policy in specified ways, among them notice-and-comment rulemaking, adjudication, and the promulgation of guidance documents.  See generally 5 U.S.C. §§ 553, 554.  If Plaintiffs' maneuver were countenanced, however, any party, simply by filing a lawsuit and quickly

propounding interrogatories, could force the agency to develop a policy position and support it with legal arguments.  That would be a problematic loophole.

This case illustrates why.  Plaintiffs have already filed a comment in response to a recent on-point DEA regulation (which the agency published as an interim final rule without notice and comment, see id. § 553(b)(B)), taking the position that "the Controlled Substance Act [*sic*] cannot be applied to . . . hemp or products derived from hemp."  Hemp. Indus. Ass'n, Comment Letter on DEA Interim Final Rule on the Implementation of the Agricultural Improvement Act of 2018 at 3 (Sept. 18, 2020), https://bit.ly/3gAESxi; see also Implementation of the Agriculture Improvement Act of 2018, 85 Fed. Reg. 51,639 (Aug. 21, 2020).  According to the text of the rule, "DEA will consider and respond to any relevant comments" "[t]o the extent required by law," 85 Fed. Reg. at 51,642, and in this litigation, DEA has stated that it "will review and respond to [Plaintiffs'] comments in due course."  ECF No. 22 (Opp.) at 11.  If the agency does not ever respond, or "unreasonably delay[s]" a response, Plaintiffs can seek judicial assistance at that point.  See 5 U.S.C. § 706.  They cannot, however, use the lawsuit-plus-immediate-contention-interrogatory approach as a vehicle to compel the agency to respond on their preferred timetable.

Last, the Court notes Defendants' additional argument that it lacks subject-matter jurisdiction over this entire action.  See Opp. at 4–8.  They contend that Plaintiffs must bring this sort of pre-enforcement suit in the Court of Appeals, id., and they may well be correct.  See 21 U.S.C. § 877 (providing for exclusive jurisdiction there over "[a]ll final determinations, findings, and conclusions of the Attorney General under" the CSA).  Although this Court will await Defendants' "full[er] brief[ing]" of this jurisdictional issue before tackling it, see Opp. at 4 n.2; Am. Hosp. Ass'n v. Azar, 964 F.3d 1230, 1246 (D.C. Cir. 2020) ("The law of [the D.C.]

4

[C]ircuit allows a court to assume hypothetical statutory jurisdiction . . . .") (emphasis removed), its present doubts are substantial enough to provide yet another reason for declining to order discovery now.

The Court, accordingly, ORDERS that Plaintiffs' Motion for Discovery is DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  December 15, 2020